Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 SEP -4  PM 1:55

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL A. DEANER and JACALYN M. DEANER, <br><br> Plaintiffs, <br><br> vs. <br><br> MANN BRACKEN, LLP f/k/a MANN BRACKEN, LLC, <br><br> Defendant. | Civil Action No. <br><br> **4-09 CV-525-Y** <br><br> **COMPLAINT** <br> **and** <br> **DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.   Plaintiffs, Michael A. Deaner and Jacalyn M. Deaner (collectively the "Deaners"), bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, Mann Bracken, LLP f/k/a MANN BRACKEN, LLC ("Mann Bracken") attempted to collect a consumer debt ("Debt") allegedly owed by Michael A. Deaner ("Mr. Deaner"), arising from a purported obligation to Chase Bank ("Chase"), incurred through the use of a credit card. Jacalyn M. Deaner ("Mrs. Deaner") was an authorized user of the Chase credit card. The obligation ("Debt") required Mr. Deaner to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The Chase credit card transactions were primarily of a consumer (non-business) nature.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5. Plaintiffs are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. Mann Bracken is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Mann Bracken's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Mann Bracken is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance

Code § 392.001(6). Mann Bracken is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

### Factual Allegations

7. The Deaners are victims of identity theft, and filed a police report indicating so in October of 2005. The Deaners believe that some of the charges to the Chase account may have resulted from the theft of identity.

8. On or about March 17, 2008, Mann Bracken sent an arbitration claim form to Mr. Deaner.

9. On or about March 24, 2008 Mrs. Deaner called Mann Bracken and spoke to collectors who identified themselves as Paisley Graves and Ms. Coffield. These collectors made representations which included threats of wage garnishment; liens on the Deaners home; attorney's fees 'in the thousands;' and a doubling of the amount demanded to settle. The total amount claimed was $7,043.92. Based on these representations, Mrs. Deaner made a payment arrangement in the amount of $5,283.00.

10. On or about April 16, 2008, Mrs. Deaner had a conversation with Alonso Nicholson from Mann Bracken. Mr. Nicholson said that he would come after Mrs. Deaner for other accounts as well as the Chase account; that Mann Bracken could rescind the agreement on the Chase account; and that Mann Bracken would proceed to collect the entire balance on the Chase account.

11. During the arbitration process, the Deaners disputed the debt, provided a copy of the police report regarding the identity theft, provided details about the collection attempts of Mann

Bracken, and provided proof of the payments made to Mann Bracken pursuant to the agreement of March 2008.

12. As a result of the conversations with Mann Bracken, and the frustration attendant thereto, Mrs. Deaner stopped payment on the balance of the settlement payments. The Deaners had paid a total of $3,529.74 to Mann Bracken.

13. By letter dated August 20, 2008, Mann Bracken noted the stop payment, and told Mr. Deaner that "we will no longer be able to accept personal checks from you as a form of payment on the account." The amount sought in the August 20th correspondence was $10,993.66.

14. The case of Chase Bank USA, N.A. proceeded to arbitration with the National Arbitration Forum. On September 8, 2008, the arbitrator dismissed the case with prejudice.

15. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated September 24, 2008 that it intended to process a "check or other payment instrument in the amount of $559.09."

16. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated October 29, 2008 that it intended to process a "check or other payment instrument in the amount of $559.09."

17. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated October 31, 2008 that it intended to process a "check or other payment instrument in the amount of $559.09."

18. On or about November 12, 2008, Mrs. Deaner had a telephone conversation with Tamara Jackson with Mann Bracken. Ms. Jackson attempted to collect the debt despite being told by Mrs. Deaner that Chase had lost the arbitration of the debt that Mann Bracken was collecting.

19. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated November 24, 2008 that it intended to process a "check or other payment instrument in the amount of $559.09."

20. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated December 24, 2008 that it intended to process a "check or other payment instrument in the amount of $559.09."

21. On or about January 2, 2009 Mrs. Deaner had a telephone conversation with Mann Bracken. During this conversation Alonzo Nicholson attempted to collect the debt; Mrs. Deaner asked for the return of the money previously paid to Mann Bracken; and provided Mann Bracken with the name and number of the undersigned.

22. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated January 23, 2009 that it intended to process a "check or other payment instrument in the amount of $559.09."

23. Mann Bracken continued to collect the debt to Chase, and notified Mr. Deaner by letter dated February 23, 2009 that it intended to process a "check or other payment instrument in the amount of $559.09."

24. On or about February 23, 2009, Mann Bracken called and spoke to Mrs. Deaner. The caller, a "Mr. Cahen," also attempted to collect the debt that was dismissed with prejudice by the

arbitrator. Mr. Cahen also stated that he was updating the Deaners' information, so Mrs. Deaner provided him with the name of the undersigned as her attorney in this matter, just as she had done in January.

25. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that:

    a. Mann Bracken did not intend to, nor could they, seek to garnish the wages of Mr. Deaner;

    b. Mann Bracken did not intend to, nor could they, seek to put a lien on the homestead of the Deaners;

    c. Mann Bracken attempted to collect the debt to Chase Bank after the arbitration claim was dismissed with prejudice;

    d. Mann Bracken communicated with consumers who were represented by counsel, and Mann Bracken could easily ascertain the name and address of the Deaners' lawyer.

26. The foregoing acts and omissions were undertaken on behalf of the Defendant by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

27. The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

28. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiffs.

## First Claim for Relief

29.  The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

   a.  In violation of 15 U.S.C. 1692c(a)2, the Defendant communicated with the Plaintiffs in connection with the collection of a consumer debt after learning that the Plaintiff was represented by an attorney and knew, or could readily ascertain, the attorney's name and address.

   b.  In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

   i.  Continued collection attempts after the arbitration case involving the Debt had been dismissed with prejudice;

   ii.  Contacting a consumer who is represented by a lawyer, whose name and contact information could be easily ascertained.

   c.  In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(A), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

   d.  In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action which cannot legally be taken or that is not intended to be taken.

   e.  In violation of 15 U.S.C. § 1692f, the Defendant, used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

   i.  Continued collection attempts after the arbitration case involving the Debt had been dismissed with prejudice;

   ii.  Contacting a consumer who is represented by a lawyer, whose name and contact information could be easily ascertained.

30. Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiffs for statutory damages, declaratory relief, costs, and reasonable attorney's fees.

## Second Claim for Relief

31. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a. In violation of Tex. Fin. Code § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

   b. In violation of Tex. Fin. Code Ann. § 392.302(1), Defendant attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

   c. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

   d. In violation of Tex. Fin. Code § 392.304(a)(12) the Defendant misrepresented that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges.

   e. In violation of Tex. Fin. Code § 392.304(a)(13) the Defendant misrepresented that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion.

   f. In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt, including misrepresenting their client in their written communication attached as Exhibit A.

32. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiffs for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

33. The Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

34. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA it liable to Plaintiffs for injunctive relief, and reasonable attorney's fees. Pre-suit notice of Plaintiffs' claim is not required, as Plaintiffs do not seek economic damages pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(1).

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiffs and against Defendant, for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code Ann. § 17.50(d).

4. Grant such further relief as deemed just.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050
714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFFS

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050

714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

ATTORNEY FOR PLAINTIFFS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael A. Deaner and Jacalyn M. Deaner

**DEFENDANTS**
Mann Bracken, LLP f/k/a Mann Bracken, PLC

(b) County of Residence of First Listed Plaintiff: **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; 714 W. Magnolia Ave.; Fort Worth, TX 76104; 817-348-8325

Attorneys (If Known)
4-09 CV-525-Y

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq
Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: 
DOCKET NUMBER: 

DATE: 09/04/2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # FW9421  AMOUNT 350  APPLYING IFP  JUDGE Y  MAG. JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: __4 - 09 CV - 525 - Y__

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____    DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652  Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.